UNITED STATES of America, Appellee,

v.

**Tyrone Rogers YOUNG, Appellant.**

No. 81–6997.

United States Court of Appeals,
Fourth Circuit.

Argued March 30, 1982.

Decided April 21, 1982.

8. *See* 7A Wright & Miller, Federal Practice and    Procedure § 1917 at 603–04.

Thomas Rawles Jones, Jr., Alexandria, Va., for appellant.

Karen P. Tandy, Asst. U. S. Atty., Alexandria, Va. (Elsie L. Munsell, U. S. Atty. on brief), for appellee.

Before HAYNSWORTH, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

## PER CURIAM:

Appellant Tyrone Rogers Young appears before this court for the third time in connection with his 1973 convictions for robbery, use of a firearm, and kidnapping. We now affirm the denial of his motion for a new trial.

The basis for Young's motion for collateral relief is fully set forth at *United States v. Young*, 644 F.2d 1008 (4th Cir. 1981), but we summarize it briefly here. Young had retained attorney Dyson to represent him. A co-defendant retained his own attorney, who asked Dyson to serve as local counsel. Young later discharged Dyson in favor of another attorney. Shortly before trial, Dyson, as local counsel for the co-defendant, moved the court for a continuance because the co-defendant's primary counsel would be occupied with another proceeding. The district court denied the motion, directing Dyson to represent the co-defendant at trial. Young thus would have faced cross-examination by Dyson, his own former attorney, had he taken the witness stand. A motion for severance based on this potential conflict of interest was denied by the district court. Young, though assertedly intending to take the stand if his trial were severed, declined to testify and was convicted.

On direct appeal, Young did not raise the attorney conflict of interest issue, and this court affirmed his conviction. *See United States v. Young*, 512 F.2d 321 (4th Cir. 1975).

Young later sought to have his convictions vacated and a new trial granted under 28 U.S.C. § 2255 based on the attorney conflict of interest at his trial. Young's § 2255 motion was denied by the district court, and he appealed to this court. We found the existence of a potential conflict of interest, but noted the "critical question [to be] whether an actual conflict of interest adversely affected the fairness of Young's trial." *United States v. Young*, 644 F.2d at 1013. We remanded for an evidentiary hearing, with specific instructions:

Young should be required to state what his testimony would have been had he taken the stand at the criminal trial. With this information at hand, Dyson should be questioned to determine whether, in his role as Young's former attorney, he received from Young information detrimental to Young's defense that he could have used on cross-examination to buttress [his own client's] defense.

644 F.2d at 1013–14.

We cautioned, however, that "neither Young nor Dyson should be required to divulge the content of the privileged information that Dyson received, unless Young expressly waives the lawyer-client privilege." 644 F.2d at 1014. In sum, we required of Young only that he state no more than what he would have testified to had he taken the stand, as he had said he wanted to do.

On remand, Young, accepting his counsel's advice, declined to follow this court's directive and refused to state what his testimony would have been had he testified at the robbery trial.

Dyson filed an affidavit at the hearing stating that he could remember nothing of what Young had confided to him some eight years earlier and hence would be unable to identify any conflict of interest. The district court observed, however, that Young's testimony might well refresh Dyson's recollection. Because Young's failure to testify prevented compliance with this court's order, and hence prevented a determination whether an actual conflict of interest existed, the district court denied Young's motion for a new trial. Young brought this appeal.

We agree with the district court that Young's refusal to testify made the critical inquiry impossible, and we therefore affirm the denial of his motion. *See United States v. Young*, Cr. No. 259–73–A (E.D.Va., Oct. 9, 1981).

AFFIRMED.